**Jacques Garabet MAKSOUDIAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 04–74113, 04–76127.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 15, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Gary Silbiger, Esq., Silbiger & Honig, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Russell J.E. Verby, Esq., S. Nicole Nardone, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

## MEMORANDUM **

Jacques Garabet Maksoudian, a native and citizen of Lebanon, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen, which alleged ineffective assistance of counsel, as well as the BIA's order denying a subsequent motion to reconsider. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), we deny the petitions for review.

■ The BIA did not abuse its discretion in refusing to apply equitable tolling in this case. Equitable tolling of deadlines

for motions to reopen applies "during periods when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003). Maksoudian's admission that he waited almost two years for our decision in his prior petition for review before filing the motion to reopen at issue does not demonstrate the required due diligence. Accordingly, the BIA acted within its discretion in denying Maksoudian's motion to reopen and his motion to reconsider on the ground that he is ineligible for equitable tolling.

■ We are unpersuaded by Maksoudian's contention that the BIA violated due process by applying the limitations of 8 C.F.R. § 1003.2(c)(2) to his motion to reopen despite his subsequent eligibility for adjustment of status. We also reject the contention that the BIA failed to consider whether to reopen Maksoudian's proceedings *sua sponte*.

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004).

## PETITIONS FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.